**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION**

ROBERTO BAEZ,

Plaintiff,

v.

DR. MARY ALSTON,

Defendant.

CIVIL ACTION NO.: CV613-098

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, who is currently incarcerated at Smith State Prison in Glennville, Georgia, filed a cause of action pursuant to 42 U.S.C. § 1983 contesting certain conditions of his confinement. Defendant filed a Motion to Dismiss. Plaintiff filed a Response, and Defendant filed a Reply. For the reasons which follow, Defendant's Motion should be **GRANTED**.

## STATEMENT OF THE CASE

Plaintiff contends that Defendant has forced him to take his pain medication in a form (crushed or "floating", as Plaintiff calls it) which is not provided for in the medicine's instructions and at a much lower dosage than was prescribed and received in the past. (Doc. No. 1, p. 16). According to Plaintiff, taking his pain medication in the manner and dosage which Defendant directs has caused or will cause more medical problems for Plaintiff.

Defendant asserts that Plaintiff did not exhaust his administrative remedies properly before he filed this cause of action. Defendant also asserts that Plaintiff's monetary damages claims against Defendant in her official capacity are barred. Defendant further asserts that Plaintiff fails to state a claim upon which relief may be granted. Defendant asserts that she is entitled to qualified immunity. Finally, Defendant asserts that Plaintiff's claim for injunctive relief is overly broad.

## STANDARD OF REVIEW

The determination of whether an inmate exhausted his available administrative remedies prior to filing a cause of action in federal court is a matter of abatement and should be raised in a motion to dismiss. Bryant v. Rich, 530 F.3d 1368, 1374 (11th Cir. 2008). "Even though a failure-to-exhaust defense is non-jurisdictional, it is like" a jurisdictional defense because such a determination "ordinarily does not deal with the merits" of a particular cause of action. Id. (internal punctuation and citation omitted). A judge "may resolve factual questions" in instances where exhaustion of administrative remedies is a defense before the court. Id.

## DISCUSSION AND CITATION TO AUTHORITY

Defendant asserts that Plaintiff signed Grievance Number 155644 on July 31, 2013, which was filed on August 15, 2013, and alleged that his pain medication was being "floated". Defendant alleges that the Warden denied Plaintiff's grievance, and Plaintiff filed an appeal of the denial. Defendant contends that Plaintiff filed this Complaint only eight (8) days after he filed his appeal. Defendant also contends that Plaintiff filed Grievance Number 166793, in which he complained about a bandage



AO 72A
(Rev. 8/82)

being removed without medical reason, on February 10, 2014, several months after this Complaint was filed.

Where Congress explicitly mandates, prisoners seeking relief for alleged constitutional violations must first exhaust inmate grievance procedures before filing suit in federal court. See Porter v. Nussle, 534 U.S. 516, 524 (2002). 42 U.S.C. § 1997e(a) states, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law . . . until such administrative remedies as are available are exhausted." In Porter, the United States Supreme Court held that exhaustion of available administrative remedies is mandatory. Porter, 534 U.S. at 523. The Supreme Court has noted exhaustion must be "proper." Woodford v. Ngo, 541 U.S. 81, 92 (2006). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 90-91. In other words, an institution's requirements define what is considered exhaustion. Jones v. Bock, 549 U.S. 199, 218 (2007).

In Turner v. Burnside, 541 F.3d 1097 (11th Cir. 2008), the Eleventh Circuit clarified how the lower courts are to examine the issue of exhaustion of administrative remedies. First, the court is to take the plaintiff's version of the facts regarding exhaustion as true. Id. at 1082. If, even under the plaintiff's version of the facts, plaintiff has not exhausted, the complaint must be dismissed. Id. However, if the parties' conflicting facts leave a dispute as to whether plaintiff has exhausted, the court need not accept all of plaintiff's facts as true. Id. Rather, "the court then proceeds to make specific findings in order to resolve the disputed factual issues[.]" Id. "Once the court



AO 72A
(Rev. 8/82)

makes findings on the disputed issues of fact, it then decides whether under those findings the prisoner has exhausted his available administrative remedies." Id. at 1083. The Eleventh Circuit has held that a district court may consider materials outside of the pleadings and resolve factual disputes regarding exhaustion in conjunction with a Rule 12(b)(6) motion to dismiss so long as the factual disputes do not decide the merits of the case. See Bryant, 530 F.3d at 1376-77.

Standard Operating Procedure ("SOP") IIB05-0001 no longer requires an inmate to attempt to informally resolve his complaint before filing a formal grievance. (Doc. No. 28-3, p. 5). An inmate can file, with a few exceptions, "a grievance about any condition, policy, procedure, or action or lack thereof that affects the [inmate] personally." (Id. at p. 6). An inmate must submit a grievance form "no later than 10 calendar days from the date the [inmate] knew, or should have known, of the facts giving rise to the grievance." (Id. at p. 8) (emphasis in original). The warden has a period of forty (40) calendar days from the date the inmate gave his grievance to the counselor to respond. An extension of ten (10) calendar days can be granted once, provided the inmate is advised in writing of the extension before the original 40 calendar days have expired. (Id. at p. 11). An inmate can file an appeal with the Commissioner's Office in the following instances: if the grievance coordinator rejects his original grievance; after the warden responds to the original grievance; or the time allowed for the warden's decision has expired. The inmate has seven (7) calendar days in which to file this appeal. (Id. at p. 12). The Commissioner has 100 calendar days after receipt to render a decision. (Id.). Time limits may be waived for good cause. (Id. at pp. 9, 12).



AO 72A
(Rev. 8/82)

Plaintiff failed to exhaust properly his administrative remedies before he filed this cause of action. The undersigned notes Plaintiff's assertions in this regard, but these assertions do not allow Plaintiff to proceed with his cause of action. Specifically, Plaintiff asserts that he filed his grievance on July 31, 2013, and did not receive a response regarding this grievance until October 17, 2013. Plaintiff states that he did not receive his response within the forty (40) days allotted in the SOP for a response to a grievance from the Warden. Plaintiff is correct that he did not receive the Warden's response until October 17, 2013. (Doc. No. 28-6, p. 5). However, this grievance was filed on August 15, 2013, and the Warden signed the rejection of Plaintiff's grievance on September 18, 2013. (Id.). The Warden's response was made within the forty (40) day time period, even though Plaintiff did not receive the Warden's response until after that 40 days had elapsed. However, even assuming the Warden's response was untimely per the applicable SOP, Plaintiff had available to him the option of filing an appeal after the forty (40) days had elapsed if he still had not received the Warden's response. (Doc. No. 28-3, p. 11). Instead, Plaintiff waited until he received the Warden's response on October 17, 2013, and he filed an appeal on October 22, 2013. The Commissioner's office then had 100 days, or until January 30, 2014, to file a response to Plaintiff's appeal. Instead of waiting to file this cause of action until he received the Commissioner's response (dated January 27, 2014), or for the time in which to receive a timely response had elapsed, Plaintiff filed this cause of action on October 30, 2013, which was signed on October 9, 2013. (Doc. No. 1 & at p. 5). Plaintiff did not exhaust his administrative remedies in accordance with SOP IIB05-0001 before he filed his Complaint.



AO 72A
(Rev. 8/82)

The undersigned also notes Plaintiff's assertion that his cause of action did not commence until February 3, 2014, when the undersigned directed service of his Complaint. However, Plaintiff's assertion misses the mark. Section 1997e(a) of Title 42 of the United States Code provides that "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law . . . until such administrative remedies as are available are exhausted." (Emphasis supplied). "A civil action is commenced by filing a complaint with the court." FED. R. CIV. P. 3. Plaintiff's cause of action commenced, or was brought, on October 30, 2013, the date on which his Complaint was filed in this Court. Accordingly, Plaintiff's Complaint was filed before he properly exhausted his administrative remedies. This portion of Defendant's Motion to Dismiss should be **granted**.

It is unnecessary to address the remaining portions of Defendant's Motion.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendant's Motion to Dismiss be **GRANTED**. It is also my **RECOMMENDATION** that Plaintiff's Complaint be **DISMISSED**, without prejudice, based on Plaintiff's failure to exhaust his administrative remedies prior to the filing of his cause of action.

**SO REPORTED** and **RECOMMENDED**, this 19th day of May, 2014.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE



AO 72A
(Rev. 8/82)